IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-00022-BR

| | | |
|---|---|---|
| ADAM L. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LENCH MOB RECORDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motions to remand, (DE ## 17, 19), and filing entitled "Amend Complaint or Join Additional Parties," (DE # 26), and defendant Entertainment One U.S. LP's ("Entertainment One") motion for summary judgment, (DE # 42).

Plaintiff, proceeding *pro se*, filed this action on 5 March 2013 in North Carolina state court. (Compl., DE # 1-1.) Plaintiff, a North Carolina citizen, alleges that he is identified as a writer and/or composer of songs on an album released by the defendant entities and performed by the individual defendant, a recording artist. (Id. at 3.)[1] Plaintiff claims that he has never met or spoken with any of the defendants.(Id.) He contends that he was not aware of the songs or the album prior to their release. (Id.) He alleges that the parties never entered into any licensing agreement or musical composition agreement and no "[r]oyalties and/or ownership percentages, commissions and print publications" were ever agreed upon nor offered to him. (Id. at 4.) Plaintiff requests $3.335 million in damages. (Id. at 5.)

Entertainment One, as the only defendant purportedly served with process, removed the action to this court on 3 April 2013. (Notice, DE # 1.) Plaintiff moved to remand, to which

---

[1] Page citations are those generated by cm/ecf.

defendants Entertainment One and Capitol Records, LLC ("Capitol") filed a joint response in opposition.² (DE # 23.)  Shortly thereafter, plaintiff filed the document entitled "Amend Complaint or Join Additional Parties."  Entertainment One later filed its motion for summary judgment.  Plaintiff filed a response in opposition, (DE # 45), to which Entertainment One replied, (DE # 46).

## I. PLAINTIFF'S MOTIONS TO REMAND

Plaintiff appears to suggest that because all defendants have not answered his complaint and because he has filed motions for entry of default, for default judgment, and for summary judgment in state court, the case should be remanded to state court.  (See Mot., DE # 17, at 2; Mot., DE # 19, at 2.)  Plaintiff does not state a valid basis for remand.  It would be appropriate to remand the case if this court, a federal district court, lacks subject matter jurisdiction.  Under 28 U.S.C. § 1332(a), a federal district court has subject matter jurisdiction over a controversy between citizens of different states where the amount in controversy exceeds $75,000.  Because plaintiff is a citizen of North Carolina and none of the defendants are citizens of North Carolina, (see Compl., DE # 1-1, at 1), complete diversity exists, see Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants.").  As noted previously, plaintiff seeks damages in excess of $3 million, and thus, § 1332(a)'s amount in controversy requirement is satisfied.  The court therefore possesses subject matter jurisdiction over this case, and plaintiff's motions to remand will be denied.

## II. ENTERTAINMENT ONE'S MOTION FOR SUMMARY JUDGMENT

---

²In his complaint, plaintiff names "EMI Music Inc." as a defendant.  "EMI Music, Inc." apparently was a former d/b/a for Capitol and does not exist as a separate corporate entity.  (Resp., DE # 23, at 1 n.1.)

2

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment shall be granted unless a reasonable jury could return a verdict in favor of the nonmoving party on the evidence presented. McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003).

The claim plaintiff asserts is not clear. He does not cite any statutory basis for relief. He does not allege or come forward with any evidence that he owns a copyright associated with any of the songs on the subject album or that he authored or produced any of those songs. He does not allege or come forward with any evidence of any agreement with any of the defendants. He does not suggest that defendants may have appropriated his likeness for their own advantage. With respect to any harm, he does not allege that he has suffered any sort of personal injury, such as reputational damage, emotional distress, or otherwise. He merely seems to contend that because he is identified as the composer/writer of several songs, he is entitled to be paid.

To support whatever claim he attempts to allege, plaintiff relies on computer screen printouts from Internet sources, namely, wikipedia.org, bing.com, google.com, dbpedia.org, ascap.com, yahoo.com, amazon.com, and itunes.apple.com. (See Mot., Attachs., DE # 14-2; Mot., Attachs., DE # 17-1; Resp., Attachs., DE # 45-1.) The court agrees with Entertainment One that these materials are not admissible in evidence, and therefore, the court need not consider them in ruling on the motion for summary judgment. See Crochet v. Wal-Mart Stores, Inc., Civil Action No. 6:11-01404, 2012 WL 489204, at *4 (W.D. La. Feb. 13, 2012) (agreeing with the defendant's argument "that plaintiffs' 'evidence' consisting of Google and Yahoo searches is inauthentic, lacks foundation and constitutes inadmissible hearsay"); Straughter v.

3

Raymond, No. CV 08-2170 CAS (CWx), 2011 WL 3651350, at *10 (C.D. Cal. Aug. 19, 2011) ("The Court finds that plaintiff may not rely upon Wikipedia and other unverified internet websites as admissible evidence of facts . . . ." (citing Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 976 n.19 (C.D. Cal. 2010)).

Even if those materials were admissible, they do nothing to advance plaintiff's case. It is true that some of plaintiff's Internet sources identify "Adam Perry" or "Adam L Perry" in conjunction with two songs on the subject album. However, plaintiff has come forward with nothing to suggest that defendants had anything to do with that information being posted on those websites. In his response to Entertainment One's motion and in his filing regarding amendment of his complaint, plaintiff argues that defendants engaged in spoliation of evidence because now (i.e., since the filing of the complaint) "Adam Perry" or "Adam L Perry" no longer appears on those same websites. (See Mot., DE # 26, at 2; Resp., DE # 45, at 2-3 & Attachs., DE # 45-1.) To the extent plaintiff seeks to amend his complaint to assert a claim for spoliation, such amendment would be futile as North Carolina does not recognize spoliation as a freestanding claim. See Grant v. High Point Reg'l Health Sys., 645 S.E.2d 851, 856-57 (N.C. Ct. App. 2007) (affirming dismissal of plaintiff's claim for common law spoliation and recognizing that in 90 years "the only case law related to spoliation has dealt with the inference arising in ongoing litigation from the intentional destruction of evidence"). North Carolina common law does recognize a claim for obstruction of justice based on the destruction of evidence. See id. at 853-55. However, to establish such a claim, the plaintiff has the burden of proving that the defendant acted intentionally "for the purpose of obstructing, impeding, or hindering the plaintiff's ability to seek and obtain a legal remedy." Blackburn v. Carbone, 703

4

S.E.2d 788, 795 (N.C. Ct. App. 2010); see also id. at 795 n.6 ("The necessity for showing an intentional act of misconduct by the defendant is delineated in a number of criminal obstruction of justice cases." (citing cases)). Similarly, to warrant imposition of an adverse evidentiary inference based on spoliation of evidence, the party seeking the inference must establish that "the alleged destroyer . . . willfully engaged in conduct resulting in the evidence's loss or destruction." Turner v. United States, 736 F.3d 274, 282 (4th Cir. 2013) (citation omitted).

Here, plaintiff has not come forward with any evidence that defendants were responsible for the change in the information posted on the websites, let alone that they acted with the requisite intent. And, as Entertainment One observes, the original "evidence" (i.e., the Internet printouts identifying "Adam Perry" and "Adam L Perry") has not been lost or destroyed; plaintiff has the original printouts in his possession. Therefore, to the extent plaintiff could be deemed to seek to amend his complaint to assert a claim for obstruction of justice, such a claim would be futile. Furthermore, the court will not draw an adverse inference against defendants.

What the uncontradicted, admissible evidence submitted by Entertainment One does show is that the two songs in question were produced by Pernell Suber and Amir Perry, respectively; that Amir Perry co-wrote one of the songs with defendant William Calhoun; and that Entertainment One owns the copyright in the master recordings and has a license for the use of the underlying compositions. (Riguad Aff. & Ex. 3, DE # 42-1; Amir Perry Dep., DE # 42-2.) As plaintiff's allegations appear to confirm, plaintiff was not involved in any way with the recordings on the album. That various internet sources (none of which are attributable to the defendants) may have misidentified plaintiff as having written or composed any song on the album does not provide plaintiff with a basis for relief.

5

Accordingly, Entertainment One is entitled to summary judgment. Because any claim against the other, non-moving defendants is based on the same allegations and documentation as against Entertainment One, the court also grants summary judgment as to the other defendants in the case. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." (citations omitted)); U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.3d 731, 735 (4th Cir. 1989) (recognizing rule set forth in Celotex).

### III. CONCLUSION

Plaintiff's motions to remand are DENIED. Defendant Entertainment One's motion for summary judgment is GRANTED. To the extent plaintiff's filing entitled "Amend Complaint or Join Additional Parties" could be deemed a motion, it is DENIED. The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

This 23 April 2014.

_____
W. Earl Britt
Senior U.S. District Judge