IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-00022-BR

| | | |
|---|---|---|
| ADAM L. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LENCH MOB RECORDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's 12 May 2014 *pro se* motion to set aside judgment or final verdict. (DE # 55.) Defendant Entertainment One U.S. LP ("Entertainment One") filed a response in opposition to the motion. (DE # 56.)

By way of brief background, plaintiff initially filed this action in state court alleging that he is improperly identified as the writer and/or composer on an album released by the defendant entities and performed by the individual defendant. Entertainment One removed the action to this court. On 23 April 2014, the court denied plaintiff's motions to remand the case to state court and granted summary judgment in favor of defendants. (DE # 48.) In short, the court found that diversity jurisdiction under 28 U.S.C. § 1332(a) exists and that plaintiff had not come forward with sufficient evidence to show that he is entitled to relief. (Id.)

With the instant motion, plaintiff requests that the court set aside this judgment based on "newly discovered evidence." (Mot., DE # 55, at 1.) The so-called new evidence is plaintiff's contention that defendants invaded his privacy by misappropriating his likeness, which, plaintiff claims, "was unforeseeable at the moment of the defendant[']s motion." (Id. at 4.) Although plaintiff does not identify any particular Federal Rule of Civil Procedure which would permit the

court to set aside its earlier judgment, it appears he seeks relief under either Rule 59(e) or, alternatively, Rule 60(b). Because plaintiff filed his motion within 28 days after entry of the judgment, the court construes the motion as one pursuant to Rule 59(e). See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n.4 (4th Cir. 2011).

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, [the Fourth Circuit Court of Appeals has] previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding."

Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted).

While plaintiff's characterizes the ground justifying relief as "new evidence," in reality, he is raising a new legal argument as a basis to hold defendants liable– invasion of privacy by misappropriation of likeness. Plaintiff could have raised this theory of liability in response to Entertainment One's motion for summary judgment. But, even assuming he can raise it now, he still is not entitled to relief from the judgment.

As the court stated in its earlier order:

> The claim plaintiff asserts is not clear. He does not cite any statutory basis for relief. He does not allege or come forward with any evidence that he owns a copyright associated with any of the songs on the subject album or that he authored or produced any of

2

> those songs. He does not allege or come forward with any
> evidence of any agreement with any of the defendants. He does
> not suggest that defendants may have appropriated his likeness for
> their own advantage. With respect to any harm, he does not allege
> that he has suffered any sort of personal injury, such as
> reputational damage, emotional distress, or otherwise. He merely
> seems to contend that because he is identified as the
> composer/writer of several songs, he is entitled to be paid.

(DE # 48 at 3.) Plaintiff's evidence consists of computer screen printouts from Internet sources identifying "Adam Perry" or "Adam L Perry" in conjunction with two songs on the subject album. (Id. at 3-4.) Yet, plaintiff came forward with no evidence that any defendant had anything to do with the posting of that information on the Internet. (Id. at 4.) That plaintiff may now expressly claim that defendants invaded his privacy by misappropriating his likeness does not change the court's original analysis.

Plaintiff's motion to set aside judgment or final verdict is DENIED.

This 23 June 2014.

_____
W. Earl Britt
Senior U.S. District Judge