IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:13-CV-00022-BR

ADAM L. PERRY,

    Plaintiff,

v.

LENCH MOB RECORDS, et al.,

    Defendants,

ORDER

This matter is before the court on plaintiff's "motion for relief of order or final judgment." (DE # 64.) Defendant Entertainment One U.S. LP ("Entertainment One") filed a response, (DE # 65), and this matter is now ripe for disposition.

## I. BACKGROUND

Plaintiff initially filed this action in state court alleging that he is improperly identified as the writer and/or composer on an album released by the defendant entities and performed by the individual defendant. Defendant Entertainment One removed the action to this court. On 23 April 2014, the court denied plaintiff's motions to remand the case to state court and granted summary judgment in favor of defendants. (DE # 48.) In short, the court found that diversity jurisdiction under 28 U.S.C. § 1332(a) exists and that plaintiff had not come forward with sufficient evidence to show that he is entitled to relief. (Id.) On 23 June 2014, the court denied plaintiff's motion to set aside the judgment. (DE # 58.) The Fourth Circuit Court of Appeals subsequently affirmed the court's summary judgment order in favor of defendants. (DE # 59).

## II. DISCUSSION

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, plaintiff moves for relief

from the judgment. (DE # 64, at 1). This rule allows the court to relieve a party from a final judgment in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Before showing the existence of one of the above grounds, "the moving party must make a threshold showing that (1) its motion was timely made; (2) it had a meritorious [claim]; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010).

Plaintiff has failed to make the required threshold showing. In support of his motion, plaintiff proffers the same arguments which the parties have fully litigated in this court and in the Fourth Circuit Court of Appeals. His contentions center on 1) the misappropriation of his name and likeness; 2) invasion of privacy; 3) the spoliation of evidence; and 4) the default of defendants. First, plaintiff has not shown that he has a meritorious claim. This court and the Court of Appeals have repeatedly rejected these claims, and plaintiff has failed to offer any persuasive argument as to why the courts' decisions were erroneous. Although plaintiff now claims that defendants' actions amount to a violation of plaintiff's due process rights, (DE # 64, at 4), plaintiff cannot assert a new claim or put forward a new legal theory as a basis for his Rule 60(b) motion, see Mosby v. Sykes, No. 5:12-CT-3246-FL, 2014 WL 6851637, at *2 (E.D.N.C. December 3, 2014). Further, the court finds that granting plaintiff's motion would unfairly

2

prejudice defendants. This case has been fully litigated through the appeals process, and the court will not subject defendants to relitigating the same claims. Lastly, plaintiff has not shown the exceptional circumstances required to justify relief from the judgment.

Even assuming plaintiff was able to make the threshold showing, he has failed to prove the existence of any ground for relief under Rule 60(b)(1)-(6). Although not clear, it appears plaintiff argues that Rule 60(b)(1) justifies relief based on mistake. (DE # 64, at 1 (plaintiff "report[ing] exceptional importance [sic] mistake of the ruling from the court . . . .).) Plaintiff has not proved that any mistake of the court entitles him to relief. Neither has plaintiff shown any misconduct of defendants which warrants relief under Rule 60(b)(3). Finally, the court sees no other reason that would justify relief under Rule 60(b)(6). Plaintiff has failed to prove any ground that would justify the exceptional relief under Rule 60(b).

### III. CONCLUSION

Based on the foregoing, plaintiff's motion, (DE # 64), is DENIED.

This 28 January 2015.

                                W. Earl Britt
                                Senior U.S. District Judge